1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10
11  JOSE JERONIMO CARDOSO,              )  Case No.: 1:19-cv-01497-JLT-HBK (HC)
                                        )
12         Petitioner,                  )  ORDER ADOPTING THE FINDINGS AND
                                        )  RECOMMENDATIONS, DENYING PETITION
13     v.                               )  FOR WRIT OF HABEAS CORPUS,
                                        )  DIRECTING CLERK OF COURT TO CLOSE
14  JAMES ROBINSON,                     )  CASE, AND DECLINING TO ISSUE
                                        )  CERTIFICATE OF APPEALABILITY
15         Respondent.                  )
                                        )  (Docs. 2, 21)
16                                      )

17     Jose Jeronimo Cardoso is a state prisoner proceeding with counsel on a petition for writ of
18  habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 2.)  The matter was referred to a United States
19  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
20     The assigned Magistrate Judge issued findings and recommendations recommending that
21  the petition for writ of habeas corpus be denied and that the court decline to issue a certificate of
22  appealability.  (Doc. 21.)  After two extensions of time, Petitioner filed objections.  (Doc. 27).
23  Respondent filed no response to the objections.
24     In his objections, as to his claim of ineffective assistance of trial counsel for failing to
25  investigate and present a provocation defense (ground two), Petitioner argues the magistrate erred
26  in finding trial counsel's performance was not deficient because (1) trial counsel failed to conduct
27  a "meaningful investigation into the factual basis for a provocation defense and, therefore, did not
28
                                        1

1  make an informed strategic decision to discard it"; (2) trial counsel's reliance on Petitioner's
2  "demonstrably false claims that he was not involved in the shooting did not negate counsel's duty
3  to investigate other possible defenses"; (3) trial counsel had a "duty to concede that Cardoso took
4  part in the shooting and argue instead for attempted voluntary manslaughter"; (4) there was
5  "plenty of evidence" for the jury to infer that Petitioner knew about "the previous night's attack."
6  (Doc. 27 at 9-35).  These arguments largely restate the arguments made in the petition and
7  traverse.  (*See* Doc. 18 at 35-55).

8  First, Petitioner argues the magistrate judge erred in determining that trial counsel was not
9  deficient in deciding to proceed with the defense that Petitioner was not involved in the shooting,
10 due to "overwhelming evidence" that Petitioner was involved in the shooting. Petitioner asserts
11 that the cases cited by the magistrate judge are factually distinguishable from this case.  (Doc. 27
12 at 19-24).  However, the Court does not construe the findings and recommendations as
13 concluding that trial counsel relied on Petitioner's statements to the exclusion of a reasonable
14 investigation; rather, the Magistrate Judge relied on *Strickland* as clearly established law
15 recognizing that counsel's actions may be "determined or substantially influenced" by a
16 defendant's statements or actions, and "what investigation decisions are reasonable depends
17 critically on that information."  (Doc. 21 at 23 (citing *Strickland v. Washington*, 466 U.S. 668,
18 691 (1984) ("Counsel's actions are usually based, quite properly, on informed strategic choices
19 made by the defendant and on information supplied by the defendant.")).

20 Second, Petitioner takes issue with the magistrate judge agreeing with the Superior Court
21 that pursuing a provocation theory would not have furthered the defense strategy and would have
22 "required conceding that Petitioner shot the victim."  (Doc. 21 at 24).  Petitioner argues that the
23 Ninth Circuit has "previously endorsed an attorney's decision to concede guilt to felony murder
24 and argue that the defendant lacked intent to avoid application of the charged special
25 circumstances, recognizing that 'the choice of this line of defense appears to have been the best
26 choice from a poor lot.'"  (Doc. 27 at 26 (citing *McDowell v. Calderon*, 107 F.3d 131, 1358 (9th
27 Cir. 1997)).  However, decisions declining to find trial counsel's performance deficient due to
28 "concessions" of guilt, does not demonstrate any error in the magistrate judge's reasoning. The

2

magistrate judge found that the Petitioner did not overcome the strong presumption that trial counsel made an informed tactical decision. Thus, it was not objectively unreasonable for the Superior Court to conclude trial counsel's performance was not deficient.

Even still, as noted in the Findings and Recommendations, the jury heard testimony concerning the victim's violent history toward Petitioner and Petitioner's girlfriend, were instructed as to the lesser offense, and received arguments as to a potential theory of provocation. (Doc. 21 at 25-26). Thus, the objections present no showing that there is a reasonable probability that the result of Petitioner's trial would have been different had trial counsel mounted a fulsome provocation defense. *See Strickland*, 466 U.S. at 697 ("The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Finally, Petitioner's objections do not materially call into question the magistrate judge's findings.

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of

encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 29, 2023, (Doc. 21), are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 2) is **DENIED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **November 21, 2023**

UNITED STATES DISTRICT JUDGE